**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | | |
|---|---|---|
| PETER BARTLETT et al., | | |
| Plaintiffs, | | No. 11-CV-72-LRR |
| vs. | | **ORDER** |
| UNITED STATES DEPARTMENT OF AGRICULTURE et al., | | |
| Defendants. | | |

_____

*TABLE OF CONTENTS*

*I.    INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.   PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.  FACTUAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *A.    Parties* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *B.    Overview of Dispute* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

*IV.   ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
    *A.    Motion to Dismiss* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
        *1.    Exhaustion of administrative remedies* . . . . . . . . . . . . . . *8*
        *2.    Jurisdiction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*
        *3.    Equitable doctrines excusing failure to exhaust* . . . . . . . . . . *11*
    *B.    Motion to Stay* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *13*

*V.    CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *14*

*I. INTRODUCTION*

    The matters before the court are Defendants' "Motion to Dismiss Plaintiffs' Complaint" ("Motion to Dismiss") (docket no. 25) and Plaintiffs' "Motion to Stay Lawsuit" ("Motion to Stay") (docket no. 38).

## II. PROCEDURAL BACKGROUND

On July 11, 2011, Plaintiffs filed a Complaint (docket no. 2) against Defendants, seeking a declaratory judgment and a writ of mandamus. On October 13, 2011, Defendants filed the Motion to Dismiss. On October 25, 2011, Plaintiffs filed an unopposed "Motion for Extension of Time to Respond to Defendants' Motion to Dismiss Plaintiffs' Complaint" ("Motion for Extension of Time") (docket no. 26). On October 26, 2011, the court granted the Motion for Extension of Time and directed Plaintiffs to respond to the Motion to Dismiss by November 30, 2011. *See* Order Extending Time to Respond to Motion to Dismiss (docket no. 27). On November 30, 2011, instead of responding to the Motion to Dismiss, Plaintiffs filed a "Motion for Leave of Court to Conduct Jurisdictional Discovery" ("Motion for Jurisdictional Discovery") (docket no. 28). On February 27, 2012, the court entered an Order (docket no. 37) denying Plaintiffs' Motion for Jurisdictional Discovery. In the Order, the court instructed Plaintiffs to file a resistance to the Motion to Dismiss on or before March 28, 2012.

On March 12, 2012, Plaintiffs filed the Motion to Stay. On March 22, 2012, Defendants filed a Resistance (docket no. 39) to the Motion to Stay. Plaintiffs did not file a reply and the time for doing so has expired. *See* LR 7.g ("[T]he moving party may, within 7 days after a resistance to a motion is served, file a reply brief . . . ."); LR 6 (providing an additional three days when service is completed electronically).

On March 26, 2012, the court entered an Order (docket no. 40) notifying Plaintiffs that it is improper to resist a motion by filing another motion, and directing Plaintiffs to file a resistance to the Motion to Dismiss on or before March 28, 2012. On March 28, 2012, Plaintiffs filed a Resistance (docket no. 41) to the Motion to Dismiss. On April 9, 2012, Defendants filed a Reply (docket no. 42).

Plaintiffs request a hearing and oral argument on the Motion to Dismiss. The court finds that a hearing and oral argument are unnecessary. The matters are fully submitted and ready for decision.

## III. FACTUAL BACKGROUND

### A. *Parties*

Plaintiffs are thirty-eight Iowa individuals and entities—including several corporations, one limited liability company and one general partnership—that farm crops in various counties throughout Iowa. Plaintiffs seek relief against six government entities and officials, alleging that Defendants failed to pay Plaintiffs the amount required for certain crop losses under the Supplemental Revenue Assistance Payment Program ("SURE Program") pursuant to 19 U.S.C. § 2497.

Defendant United States Department of Agriculture ("USDA"), through its division, Defendant Farm Service Agency ("FSA"), implements the SURE Program on the federal level. Defendant Thomas J. Vilsack is the Secretary of the USDA. Defendant Bruce Nelson is the Acting Administrator of the FSA. Defendant Iowa State FSA, a division of the FSA, is responsible for implementing the SURE Program in Iowa. Defendant John Whitaker is the Executive Director of the Iowa State FSA. Plaintiffs are suing the individual Defendants solely in their official capacities.

### B. *Overview of Dispute*

Under the SURE Program for crop year 2008, a farmer is owed payment equal to sixty percent of the difference between the disaster assistance program guarantee (hereinafter, the "Sure Guarantee") and the total farm revenue. The calculation of the SURE Guarantee requires insertion of a figure which is the "price election for the commodity elected by the eligible producer" (hereinafter "Price Election"). 7 U.S.C. § 1531(3)(A)(i)(II).

In this case the dispute centers around the origin of the figure used to compute the Price Election. Plaintiffs contend the price election for each commodity is determined by reference to each producer's crop insurance policy. Defendants claim the Price Election is that established by the Risk Management Agency.

Plaintiffs assert that Defendants used the wrong "Price Election figures" and

3

improperly calculated Plaintiffs' SURE Program guarantees, resulting in underpayment or no payment for Plaintiffs' losses. Complaint at 14. Each Plaintiff appealed the initial SURE Program payment determination to each Plaintiff's respective county FSA committee. The FSA committee for each Plaintiff's respective county mailed each Plaintiff a letter denying the appeal. Defendants maintain that the letters informed Plaintiffs "that they could then appeal the County Committee determination to the State Committee or the National Appeals Division [("NAD")]." Memorandum in Support of Motion to Dismiss (docket no. 25-1) at 3. Plaintiffs maintain that the letters indicated that Plaintiffs had exhausted their administrative remedies and could proceed with a suit in federal court.

> The last paragraph of the first-issued county FSA committee letter stated:
>
>> The county committee has determined that the issues raised in this appeal are not appealable. You may seek a review of the county committee's determination by filing with either the FSA State Executive Director or the [NAD] Director a written request no later than 30 calendar days after the date you receive this notice according to the FSA appeal procedures found at 7 CFR Part 780 or the NAD appeal procedures found at 7 CFR Part 11. If you believe that this issue is appealable, you must write to either the FSA State Executive Director or the NAD Director at the applicable address shown and explain why you believe this determination is appealable. If you choose to seek an appeal ability review of this determination with the FSA State Executive Director, you need not send the NAD Director any information. If you seek an appeal ability review with the NAD Director, provide FSA a copy of your request. If you request an appeal ability review by the State Executive Director and the State Executive Director determines that the issue is not appealable, you will be afforded the right to request an appeal ability review by the NAD Director.
>>
>> . . . .
>>
>> If you do not file an appealability review request, your administrative appeal process has been exhausted.
>
> Motion for Jurisdictional Discovery Exhibit 1-7, Plaintiff Vierkandt Farms Appeal Letter

4

(docket no. 28-2) at 15-16. The subsequent county FSA committee letters that were sent to each additional Plaintiff included the same language.

The events leading up to the issuance of the letters are contested. Attorneys Brant D. Kahler, Douglas E. Gross, Jonathan M. Gallagher and Sean Patrick Moore, with the law firm of Brown, Winick, Graves, Gross, Baskerville & Schoenebaum, P.L.C. ("Brown Winick"), represent Plaintiffs in this action. Attorney Gross submitted a Declaration as Plaintiffs' Exhibit 1 to the Motion for Jurisdictional Discovery, in which he averred that Kevin Vierkandt, a partner of Plaintiff Vierkandt Farms, first approached him regarding Defendants' administration of the SURE Program during the summer of 2010. *See* Motion for Jurisdictional Discovery Exhibit 1, Declaration of Attorney Gross (docket no. 28-2) at 2-6. Brown Winick agreed to represent Vierkandt Farms in its attempt to seek payment under the SURE Program. On September 13, 2010, Brown Winick sent a letter to the Hardin County FSA requesting that the amount of Vierkandt Farms' SURE Program payment be recalculated. On October 1, 2010, the Hardin County FSA Executive Director, Sandy Hoversten, replied with a letter stating that Vierkandt Farms was not entitled to a payment under its 2008 SURE Program application. The letter indicated that Vierkandt Farms had the right to request reconsideration of that decision from the Hardin County FSA Committee within thirty calendar days.

On October 13, 2010, the Hardin County FSA Committee held a hearing on Vierkandt Farms' request for reconsideration. Attorneys Gross and Kahler appeared for Plaintiff Vierkandt Farms, and Hardin County FSA Executive Director Hoversten and the three members of the Hardin County FSA Committee also appeared. Iowa State FSA employee Kevin McClure participated in the hearing via telephone. Attorney Gross averred that, during the hearing, McClure stated that the "Price Election" issue Vierkandt Farms appealed was not an appealable issue "because it was an issue of general applicability under the SURE [p]rogram that the Hardin County [FSA] Committee did not have the authority to change." *Id.* at 3. Attorney Gross averred that he was aware of the "administrative

5

appeals process that Vierkandt Farms would have to go through in order to have its case heard in federal district court." *Id.* Attorney Gross averred that he spoke to McClure on October 18, 2010, and expressed his "concern[] about wasting everyone's time and money going through the fruitless and futile FSA/NAD appealability review process, just to end up litigating the appeal in federal district court in the end anyway." *Id.* at 4. Attorney Gross further averred:

> McClure stated that he agreed with me and further indicated that, to avoid the waste of resources inherent in the FSA/NAD appealability review process, he would ensure that the Hardin County FSA's letter denying Vierkandt Farms' appeal would contain language stating that Vierkandt Farms' administrative appeals process had been exhausted at the county level.

*Id.*

On October 19, 2010, Attorney Gross sent the following email to Attorney Kahler:

> Talked to McClure. He is going to write a letter for the county committee that will say that it is not an appealable decision and that we have exhausted our administrative remedies. He wants us to get to district court without going through a fruitless NAD process.

Motion for Jurisdictional Discovery Exhibit 1-6, Email (docket no. 28-2) at 14. Attorney Gross attached this email to his Declaration. *See id.* Attorney Gross further averred that, on October 20, 2010, he received a letter from Hoversten denying Vierkandt Farms' appeal, and that, "[a]s promised by . . . McClure, the letter stated that the issue [Vierkandt Farms appealed] was not an appealable issue, and the last sentence of the letter stated that '[i]f you do not file an appealability review request, your administrative appeal process has been exhausted.'" Motion for Jurisdictional Discovery Exhibit 1, Declaration of Attorney Gross at 4.

Subsequently, Brown Winick obtained thirty-seven additional clients with issues identical to the issue Vierkandt Farms raised and appealed. Attorney Gross averred:

> McClure worked with Brown[]Winick to establish a uniform

6

> process for each Plaintiff to develop an administrative record at the county level, to ensure that each Plaintiff's appeal to the county level was dealt with in an efficient and timely manner, and to allow Plaintiffs to appeal the "Price Election" issue directly from the county level to federal district court.
>
> . . . .
>
> True to . . . McClure's word, the final sentence of the denial letter received by each Plaintiff was the same as the final sentence in the October 20, 2010 denial letter received by Vierkandt Farms; namely, "[i]f you do not file an appealability review request, your administrative appeal process has been exhausted." *See, e.g.*, Motion to Dismiss Exhibit A, Plaintiff Peter Bartlett Appeal Letter (docket no. 25-3) at 2. [B]ased on my conversations with . . . McClure and the express language of the denial letters received by each Plaintiff, I understood that: (1) the "Price Election" issue raised by each Plaintiff was an issue that was not appealable through the FSA/NAD appeals process; (2) each Plaintiff had exhausted its administrative process at the county level; and (3) each Plaintiff had the right to immediately pursue the "Price Election" issue in federal district court.

*Id.* at 5-6 (internal citation altered). Accordingly, after Plaintiffs received notice that their appeals at the county level had been denied, Plaintiffs initiated the instant action.

## IV. ANALYSIS

### A. *Motion to Dismiss*

Defendants filed the Motion to Dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants maintain that, because Plaintiffs failed to exhaust their administrative remedies, the court does not have jurisdiction over Plaintiffs' claims. Defendants also argue that "Plaintiffs' pleadings do not contain sufficient facts that if assumed true show that they have a 'plausible claim for relief.'" Memorandum in Support of Motion to Dismiss at 11 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

7

In the Resistance to the Motion to Dismiss, Plaintiffs argue that the exhaustion requirements set forth in the applicable statutes are administrative rather than jurisdictional and that Plaintiffs should be excused from failing to exhaust their administrative remedies under the equitable doctrines of futility, legal question and estoppel. Plaintiffs also argue that the government has waived sovereign immunity under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706.

### 1. *Exhaustion of administrative remedies*

Pursuant to 7 U.S.C. § 6912:

> Notwithstanding any other provision of law, a person shall exhaust all administrative appeal procedures established by the Secretary or required by law before the person may bring an action in a court of competent jurisdiction against—
>
> (1) the Secretary [of Agriculture];
>
> (2) the Department [of Agriculture]; or
>
> (3) an agency, office, officer, or employee of the Department [of Agriculture].

7 U.S.C. § 6912(e).

In their Resistance to the Motion to Dismiss, Plaintiffs appear to concede that they failed to exhaust their administrative remedies when they failed to appeal the decisions of their respective county FSA committees that the "Price Election" issue was an unappealable issue of general applicability under the SURE Program.[1] The Code of Federal Regulations explains that certain decisions are not appealable. *See* 7 C.F.R. § 780.5 (discussing types of decisions that are not appealable, including "[a]ny general program provision or program policy or any statutory or regulatory requirement that is applicable to similarly situated participants" and "[m]athematical formulas established under a statute or program regulation

---

[1] However, Plaintiffs continue to assert that they failed to exhaust their administrative remedies because they believed they reached an agreement with McClure that Plaintiffs did not need to pursue further appeals.

and decisions based solely on the application of those formulas").

However, in order to exhaust their administrative remedies, Plaintiffs were still required to appeal the appealability decisions of their respective county FSA committees. *See* 7 U.S.C. § 6992(d) ("If an officer, employee, or committee of an agency determines that a decision is not appealable and a participant appeals the decision to the Director, the Director shall determine whether the decision is adverse to the individual participant and thus appealable or is a matter of general applicability and thus not subject to appeal. The determination of the Director as to whether a decision is appealable shall be administratively final."); 7 C.F.R. § 11.6(a) ("Not later than 30 days after the date on which a participant receives a determination from an agency that an agency decision is not appealable, the participant must submit a written request personally signed by the participant to the Director to review the determination in order to obtain such review by the Director."); *see also Bastek v. Fed. Crop Ins. Corp.*, 145 F.3d 90, 95 (2d Cir. 1998) (discussing 7 U.S.C. § 6992(d)); *Kuster v. Veneman*, 226 F. Supp. 2d 1190, 1192 (D.N.D. 2002) (finding that plaintiffs were required to appeal an appealability determination in order to exhaust administrative remedies, but excusing failure to exhaust under the legal question doctrine); *McBride Cotton & Cattle Corp. v. Glickman*, No. 99-0824-PHX-ROS, 2000 WL 34227966, at *15 (D. Ariz. Sept. 25, 2000) (dismissing plaintiffs' claims for failure to exhaust administrative remedies after plaintiffs failed to administratively appeal the FSA's and NAD's adverse appealability determination).

The facts in this case demonstrate that each Plaintiff received a county FSA committee decision denying relief and opining that the "Price Election" issue was an issue of general applicability and, therefore, not appealable. Attorney Gross recognized that in order to have his case heard in federal district court, he would first need to undergo a lengthy administrative appeals process. Attorney Gross spoke to McClure and expressed his "concern[s] about wasting everyone's time and money going through the fruitless FSA/NAD appealability review process, just to end up litigating the appeal in federal district

9

court in the end anyway." Motion for Jurisdictional Discovery Exhibit 1, Declaration of Attorney Gross at 3-4. McClure told Attorney Gross that he agreed with those concerns. Plaintiffs maintain that McClure worked with Plaintiffs to "develop an administrative record at the county level, to ensure that each Plaintiff's appeal to the county level was dealt with in an efficient and timely manner, and to allow Plaintiffs to appeal the 'Price Election' issue directly from the county level to federal district court." *Id.* at 5.

Plaintiffs subsequently received letters from their respective county FSA committees stating, "If you do not file an appealability review request, your administrative appeal process has been exhausted." Motion for Jurisdictional Discovery Exhibit 1-7, Plaintiff Vierkandt Farms Appeal Letter at 15-16. After receiving the letters, Plaintiffs believed that they had exhausted their administrative remedies at the county level and did not need to pursue any further administrative appeals. Accordingly, Plaintiffs failed to pursue any further review with the USDA, and the NAD never issued a final decision regarding any of the Plaintiffs. Regardless of the reason, under the applicable statutes and regulations Plaintiffs were required to appeal their respective county FSA county decisions and failed to do so. Accordingly, Plaintiffs failed to exhaust their administrative remedies. The court must now consider whether such a failure to exhaust is a jurisdictional bar to the instant action and, if not, whether Plaintiffs should be excused from their failure to exhaust.

### 2. *Jurisdiction*

Defendants maintain that the Plaintiffs' failure to exhaust administrative remedies is a jurisdictional bar to Plaintiffs' Complaint under 7 U.S.C. § 6912(e). However, the Eighth Circuit Court of Appeals has unequivocally held that "§ 6912(e) is nothing more than 'a codified requirement of administrative exhaustion' and is thus not jurisdictional." *Ace Prop. & Cas. Ins. Co. v. Fed. Crop. Ins. Corp.*, 440 F.3d 992, 999 (8th Cir. 2006) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975)). Two other United States Courts of Appeals agree with the Eighth Circuit's position. *See Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 606 (5th Cir. 2007) (discussing *Ace Prop. & Cas. Ins. Co.* with approval);

*McBride Cotton & Cattle Corp. v. Veneman*, 290 F.3d 973, 980 (9th Cir. 2002). *But see Bastek*, 145 F.3d at 95 (impliedly finding that failure to exhaust under 7 U.S.C. § 6912(e) is a jurisdictional bar to suit). Because Plaintiffs' failure to exhaust administrative remedies is not a jurisdictional bar to the instant action, the court must now determine whether Plaintiffs' failure to exhaust should be excused. *See Ace Prop. & Cas. Ins. Co.*, 440 F.3d at 1000 (addressing alleged excuses to the exhaustion doctrine after finding no jurisdictional bar).[2]

### 3. *Equitable doctrines excusing failure to exhaust*

"A party may be excused from exhausting administrative remedies if the complaint involves a legitimate constitutional claim, if exhaustion would cause irreparable harm, if further administrative procedures would be futile, or if the issues to be decided are primarily legal rather than factual." *Id.* (internally citing *In Home Health, Inc. v. Shalala*, 272 F.3d 554, 560 (8th Cir. 2001)). Plaintiffs maintain that their failure to exhaust should be excused because: (1) requiring Plaintiffs to further exhaust their administrative remedies would be futile; (2) the issues are solely legal; and (3) Defendants are equitably estopped from asserting an exhaustion defense.

At the outset, the court rejects Plaintiffs' circular argument that the court should excuse their failure to exhaust administrative remedies under the futility doctrine because the "Price Election" issue is an unappealable issue. As discussed above, regardless of whether the issue is appealable, Plaintiffs were still required to appeal the appealability determination in order to exhaust their administrative remedies properly. The fact that the issue was unappealable does not excuse the Plaintiffs' failure to exhaust and, as a result, Plaintiffs' futility argument fails.

Next, the court considers Plaintiffs' argument that the court should excuse their

---

[2] The court need not address Plaintiffs' final argument, that Defendants waived sovereign immunity through the APA, because the court has already found that the court has jurisdiction.

11

failure to exhaust administrative remedies because Plaintiffs' claims are purely legal in nature. Plaintiffs maintain that "the issues underlying the causes of action asserted in Plaintiffs' Complaint . . . solely constitute legal issues of statutory interpretation and are in no way based upon any factual disputes." Resistance to Motion to Dismiss at 11. "The legal issues exception is extremely narrow and should only be invoked if the issues involved are ones in which the agency has no expertise or which call for factual determinations." *Ace Prop. & Cas. Ins. Co.*, 440 F.3d at 1001 (citing *Jewel Cos., Inc. v. FTC*, 432 F.2d 1155, 1159 (7th Cir. 1970)). Plaintiffs' Complaint alleges that "[t]he Regulations adopted by the FSA in relation to the SURE Program define 'Price Election' as the 'crop insurance price elected by the participant multiplied by the percentage of the price elected by the participant.'" Complaint at ¶ 51 (quoting 7 C.F.R. § 760.602). The Complaint continues:

> Contrary to the above-quoted provisions of the Food, Conservation, and Energy Act of 2008 and applicable FSA Regulations, Defendants utilized improper Price Election figures in calculating the SURE Guarantee for the Plaintiffs who had elected to purchase a [Group Risk Plan] and/or [Group Risk Income Protection] crop insurance policy for the 2008 crop year. Instead of using the Price Election figure established by the respective [Group Risk Plan] or [Group Risk Income Protection] crop insurance policies that were elected and purchased by the Plaintiffs, Defendants utilized a base price that was arbitrarily established by the Risk Management Agency ("RMA").[3]

*Id.* at ¶ 52. Thus, the issue in this case is whether the FSA improperly applied 7 C.F.R. § 760.602 by using a standardized figure rather than the Price Election figures from each Plaintiff's individual insurance policies. The court finds that the interpretation of Department of Agriculture Regulations is uniquely within the expertise of the FSA and NAD. Consequently, the court finds that the issues in this case are not "ones in which the

---

[3] Group Risk Plan and Group Risk Income Protection are multi-peril insurance programs designed to help farmers protect their crops from unexpected losses.

agency has no expertise," *Ace Prop. & Cas. Ins. Co.*, 440 F.3d at 1001, and, therefore, this is not an appropriate case in which to excuse exhaustion of administrative remedies under the legal question exception. *See, e.g.*, *id.*, 440 F.3d at 1001-02 (discussing the purpose of exhaustion and finding "[t]hose goals would not be advanced if the administrative process was not completed").

Finally, the court rejects Plaintiffs' argument that Defendants are equitably estopped from asserting failure to exhaust as a defense for the reasons stated in the court's Order on Plaintiffs' Motion for Jurisdictional Discovery. *See* Order (docket no. 37) at 10-18. The court therefore finds that no equitable doctrine applies to excuse Plaintiffs' failure to exhaust administrative remedies. Accordingly, the court shall dismiss the instant action due to Plaintiffs' failure to exhaust administrative remedies.

### B. *Motion to Stay*

In the Motion to Stay, Plaintiffs ask the court to stay the instant action to allow Plaintiffs an opportunity to seek a late appeal with the State Executive Director. Plaintiffs maintain that the circumstances at issue in this case, specifically, McClure's statements to Plaintiffs that no further appeal was necessary, constitute exceptional circumstances warranting a late appeal under 7 C.F.R. § 780.15(d). The Department of Agriculture Regulations provide, "Notwithstanding the time limits . . . of this section, a request for an appealability review . . . may be accepted if, in the judgment of the reviewing authority with whom such request is filed, exceptional circumstances warrant such action." *Id.* However, Plaintiffs have not established that they are entitled to seek a late appeal. *See id.* ("A participant does not have the right to seek an exception under this paragraph."). Even if Plaintiffs are entitled to seek a late appeal, Plaintiffs may seek a late appeal after the dismissal of the instant action. Accordingly, the court finds that a stay is not warranted under the circumstances of this case.

## V. CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED THAT**:

(1) Defendants' "Motion to Dismiss Plaintiffs' Complaint" (docket no. 25) is **GRANTED** on the basis that Plaintiffs failed to exhaust their administrative remedies;

(2) Plaintiffs' "Motion to Stay Lawsuit" (docket no. 38) is **DENIED**; and

(3) The Clerk of Court is **DIRECTED** to **CLOSE THIS CASE**.

**DATED** this 5th day of July, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA